Our next case today, number 231091, Yemal Calderon-Amezquita v. Dr. Victor Rivera-Cruz, ERAU. Will counsel for appellant please come up and introduce yourself on the record to begin. Good morning. My name is Paul Rodriguez. I represent Dr. Yemal Calderon-Amezquita. May I reserve two minutes for rebuttal? You may. This is an appeal from a dismissal at the summary judgment stage of five claims against five co-defendants. And the argument is that the dismissal was an abuse of discretion. I'm going to start in the way that I use in the brief. And that will be with the rule 12B6 motions that were converted to summary judgment motions. The court- This is against which defendants? Dr. Avila and Dr. Torres. Those two defendants filed 12B6 motions at the motion for summary judgment stage on timely. And without notice, express notice, the district court converted those motions into summary judgment motions. Even though the motions did not argue for a rule 56 relief. Of course, this is a circuit in which the district court need not provide express notice for a conversion. This was, these motions were filed after the completion of discovery, is that correct? Yes. And they included some attachments that were drawn from the discovery process, is that correct? I'm going to address both of those points. Okay. The fact that the motions came after the close of discovery should favor my client. Because usually when that happens, what the court does is to say these motions are late. There are 12B6 motions and they should have been filed before the closing of the pleadings. In this case, that didn't happen. Regarding the attachments to the motions, I believe the court is referring to the Judge Seldja ruling on RS Rodriguez v. Fullerton tires. Stating that when a defendant or when a party moves for summary, I mean for 12B6 relief and attaches documents to the motion, the opposition should be on notice that a summary judgment record has formed and that the district court could rely on that summary judgment record to rule. In this case, that was not the case. What the defendants attached to their motions were depositions that had no connection to the issue raised in the motion to dismiss. The depositions that were attached. Let me back up. The issues raised in the motion to dismiss, the main issue was that my client had not done any extrajudicial tolling. The depositions that were attached to the motions had nothing to do with that issue. But do the depositions have to do with any other issue raised in the motion to dismiss? If you look at the court ruling, there's nothing that the court relied on from those depositions for this position. That was not my question. Was there anything in the motion to dismiss apart from the timeliness issue concerning the extrajudicial claim that the deposition testimony attached related to? The position the defendants were taking with those motions was that my client's father, I mean, that the statutory period had begun to run before my client's father had died. So, in a sense, there's nothing in those depositions that will alert me or give me constructive notice. But the thing is, if any part of that filing, by virtue of having the attachments, was adding to a record that was creating a summary judgment record as to some of the motion to dismiss, I guess the question is why wouldn't that alert you that you are now facing a summary judgment claim? And with respect to the timeliness issue on the extrajudicial, their contention is they didn't have to put any evidence forward at summary judgment. You had to. So, you were on all the notice you needed. The theory goes, you had a summary judgment motion in effect because it had attached evidence bearing on some issues for which evidence was needed. With respect to the other issues in the motion to dismiss, for which no evidence was needed, no evidence was needed. So, it was still a summary judgment motion. So, you had to come forward with some evidence to create a dispute of fact that could then be trialed. What's wrong with that? And particularly, this is post-answer, post-all the discovery. So, in what way were you not on notice you were confronting a summary judgment motion? You have to bear in mind what the record was in that case. In that case, similar motions to dismiss have been filed and the court has said, no, you have to put evidence into the record. The key, I see your point regarding the burden of proof. The key point for a rule, for a conversion on the 12B is not who bears the burden of proof. It's whether there are documents in the record that if the court relies on them, you could be, you could lose. I'm just trying to think of a situation. I have a motion to dismiss and I have a number of grounds for the motion to dismiss. Certain grounds for the motion to dismiss, I'm sorry, it's a motion to dismiss, styled as a motion to dismiss, but it's masquerading as a motion to dismiss. It's really going, intended to be a summary judgment or you should be on notice. That's the claim of the movement. In the document, styled motion to dismiss, there are certain grounds for dismissal where burden is unplaintive. So no evidence would be needed. If it was styled as motion for summary judgment, I wouldn't need to attach anything to it. Other aspects of the document, styled motion to dismiss, are attacking things for which evidence does need to be included. And it happens, the evidence is included because it's attached. Why in that circumstance is there… But in this case, this case is different, Your Honor. Okay, why? If you see the judge's opinion, there's nothing that the court relied on to… You're confusing whether the judge needs to get to the evidence that was attached in order to rule against you on summary judgment. The question I'm asking, which is does the filing give sufficient notice to the recipient that what they're confronting is a summary judgment motion? I think we are basically in the same. Others are in the same issue differently. My point is if I have a motion to dismiss, masqueraded, I mean a summary judgment motion, masqueraded as a motion to dismiss, that has no evidence that if the court relies on, appears my complaint, why would I as a litigant file documents into the record? Counsel, you seem to be operating under a misperception. Even if this were a motion to dismiss that just asserts the statute of limitations defense, in a situation, by the way, where it's clear that more than a year has passed between the negligent, arguably negligent event and the filing of the complaint, that somehow they, in order to generate that issue, they have to prove a negative that they did not receive this judicial claim. Once they raise that affirmative defense, I think under well-established law, you have the burden of providing evidence to support the proposition that the statute of limitations had been told. You don't accept the need to have done that in the absence of them having produced evidence to support their assertion that they never got the claim. That's just not the law. Let me correct the record. Sure. I mean, let me answer your valid point. The general rule in an opinion written by you is that even when a defendant moves for an affirmative defense like the statute of limitations, they have the burden. But I acknowledge that in Puerto Rico, that's not the rule. In Puerto Rico, the burden of proof falls on the plaintiff to prove that the statute of limitations was told. But that's different from the point that I'm trying to make. And this is the point. For a Rule 12b6 motion to be converted into a rule, I mean, under Rule 12b6. And the reason this matters, the conversion point, is because you have sufficient allegations in the complaint to satisfy plausibly that you can meet the burden, that it was timely because you alleged in the complaint that there was an extrajudicial claim. Is that right? Yes. So the reason the conversion matters is because if we were on a true 12b6, if this was pre-answer, pre-discovery, they couldn't win on the motion to dismiss by simply saying it was a year after because you've got an allegation, you have an extrajudicial complaint. So if we convert to summary judgment, I think you're conceding you lose because you don't have any evidence that meets your burden, but you think the error was converting it because you had no notice that they converted. And I had evidence to prove that the allegation was. But you didn't have any. The allegation was. And let me. And with this, I'll be. With this and another point, I'll move on. And I'll come back and rebut. And basically what the defendants did from my perspective was to attach to their motion, 12b6 motions, a blank paper with nothing written on it, to support the contentions that they were making. So I had no evidence against me to basically rebut. On this point, this would be helpful to me. What is in that deposition testimony that they attached? What is it saying? That my client is a doctor, that my client went to the hospital while his father was going. I see. So nothing in it could have been a ground for dismissal or any ruling against you. No, and that's exactly my point. Nothing in those motions contradicted the fact that my client, as alleged in the complaint, had told the statute of limitations through extrajudicial claims. And my last point will be, Your Honor, even if in cases, if you're like the district court judge did, even when there's constructive notice and the district court finds that, the only way that the conversion stands is if there's no harm made to the non-movement. In this case, as I said, I had evidence. And I put that evidence into the record less than a day after the ruling. I had the extrajudicial claims not only sent to these doctors, the extrajudicial claims sent to the hospital, which under Puerto Rico law, when a hospital that provides the doctors to provide care receives an extrajudicial claim or an statutory. But counsel, it seems to me that you did something pretty risky here. I mean, you had the proof of these extrajudicial claims that were made. And this is what the district court, I think, this was its view on your motion for reconsideration. Why didn't you, even though you think, well, I don't really have to do it, why wouldn't it have been just sensible to do it and avoid all this rather than to rely on this somewhat technical argument that you're making that you didn't have to do it? In hindsight, would I do it differently? Sure. We wouldn't be here. But when I was facing those motions, I had five different dispositive motions that I had to address in 14 days. And I did that. So I tried to be effective and efficient. And what I had in front of me were two deficient motions to dismiss that raised the same arguments raised by another defendant, a ruling by the district court denying the same arguments, and an attachment to the motions to dismiss that had nothing to do with the issues that were claimed in the motions to dismiss. So, yes, it was risky in hindsight. I would not have done it. But it is what it is. And in reconsideration, and this will be done, the standard that the court has to follow is an interest of justice test. I failed to see, Your Honor, how there's justice in knowing that you make incorrect assumptions. Against the standard of care that apply under Rule 56, you said you believe that there was no extrajudicial claim. And you even labeled the plaintiff a liar for not having filed the claims. And then not a day had gone by and the extrajudicial claims were in the record. The extrajudicial claims raised factual issues that precluded summary judgment. And the court says, well, you failed to file it on time. That's enough, in my opinion, in the interest of justice. Thank you. Thank you, counsel. Attorney Corral-Gonzalez, please come up and introduce yourself on the record. You have a five-minute argument. May it please the court. My name is Diego Corral, counsel for employee Dr. Angel Torres-Sanchez. The issue before this court is whether the complaint is time barred. And this court should unequivocally affirm the district court's decision dismissing the case against Dr. Torres. The reasons for this are clear, compelling, and irrefutable. First case. In the first place, Dr. Torres presented undisputed evidence of the complaint being time barred through the defendant's admissions in deposition of his knowledge of the damages claimed. Second of all, the defendant failed to meet his burden of proof, even though he knew that evidence had been presented as to the date of the knowledge and the knowledge of the – Can I just clarify something? Yes. If you had filed the motion to dismiss, filed as a motion to dismiss, post-answer, post-completion of discovery, and all it said is it's dismissed because it's time barred, blah, blah, blah, would that properly have been understood as a motion for summary judgment in your view? Well, Your Honor, the thing is – Just answer that question. I'm sorry. Could you clarify the question again, please? Yeah. If there was no attachment to this document filed as a motion to dismiss, but it made the arguments that it made about it being time barred, would that – and it was filed post-answer, post-completion of discovery, do you think that means just because it's filed at that time, it should have been understood as a motion for summary judgment? If it does not accompany evidence, which was not the case in here, I would not comply with the Congressional – Okay. So then the key thing is that there was this document attached to it. Yes. So your opponent says, well, that can't make a difference here, given the content of what was attached. What is the content of what's attached, and why would it have put him on notice that it was a summary judgment motion? See, Your Honor, appellant misstates what was said in the deposition. The deposition was used to establish that the appellant visited the hospital in January of – January 25 of 2016, where he talked to numerous doctors, in which, according to the appellant, admitted to him that they were negligent in their care. But why would that be relevant to the motion to dismiss for time bar on a motion to dismiss in the face of the extrajudicial claim? I just don't understand what the relevance of it is. That's the thing. The extrajudicial claim was not legally effective. I understand. So what's the relevance of the – I just am not understanding. What's the relevance of the deposition testimony to the summary judgment motion? The ground for summary judgment is you have no evidence showing there was an extrajudicial claim. Correct. Why do you – if that's the case, what does your deposition testimony bear on with respect to anything we'd care about at summary judgment as to whether it's time bar? Well, the deposition was used to establish that the knowledge of the alleged tort – alleged damages was before the death. Why is that relevant? Because it establishes the timeline and that the one-year statute of limitations was never – was – But he filed after the one year anyway. Correct. So what's the – if there is an extrajudicial claim, then this deposition testimony doesn't matter at all. But there was no extrajudicial claim. Exactly. The question is, was he on notice that you were making a summary judgment motion with respect to the allegation concerning the extrajudicial claim? Putting in evidence that doesn't have any bearing on that, why does that give him notice that that's what he should be facing? Well, Your Honor, here's the thing. In Smith v. United States, the Supreme Court established that the party who makes an affirmative allegation bears the burden of proof. In this case, the appellant, in his complaint, in his complaint alleged that he had presented an extrajudicial claim. That was denied. Therefore, at no point was there any evidence in possession – You're jumping to the question if he wins if we're at summary judgment. I'm trying to understand why we should treat – you filed something called a motion to dismiss. Why did you call it that? Well, Your Honor, I was brought in on the appellate level. Okay, but why did the client call it that? Why did the lawyer call it that? Why was there filed a motion to dismiss? You want us to treat it as a motion for summary judgment. There's a very clear way to make it clear that it is one. Right. Well, regardless of the title of the motion, the conversion of it was appropriate in light of the applicable case law, especially in the case of Whiting, which was cited by the appellant. In this case – That's what Chief Judge Barron is trying to get you to discuss. What is it in the deposition that would have put the other side on notice that there was an extrajudicial claim problem? Well, we were establishing a timeline with evidence. Why does the timeline matter? He himself, in the complaint, knows he filed it out of time. That's why he makes the allegation about the extrajudicial claim. You're correct. But there is the allegation that there was no extrajudicial claim received. So in order to do that, we have to establish the timeline. So he alleges that he interrupted the term, right? Now, there is no evidence to that respect. So we have to establish that it was conclusively time-barred. And by doing so, we use that. You have a complaint where he says he did this. Yes. You have an answer that you say he didn't get anything. You file a motion to dismiss, not a motion for summary judgment. Correct. You attach something to the motion to dismiss that you're saying should have put him on notice that the extrajudicial claim issue would be the dispositive turning point that he should have, therefore, responded to. Exactly, Your Honor. What is it? What is in that deposition that would have made it clear that the dispositive issue is do you have evidence supporting the extrajudicial claim allegation? Well, Your Honor, with a specific term apart from the timeline, at this moment I cannot answer that question. Well, so why wouldn't it be fair to say then, you know, you're in control of your motions. You're right. And so if there's this uncertainty on it, why is the burden on the other party to figure out that you didn't mean what you said? Why isn't the burden on you in the face of that uncertainty to say what you mean? I just don't get the logic. Well, Your Honor, I'm not sure if I follow that question. Well, you said it was a motion to dismiss, but you meant it was a motion for summary judgment. Correct. So if there's a lack of clarity about what you meant, why is the burden on the recipient to figure out what you meant? Well, Your Honor. Particularly there's a rule which says that if the court is going to treat it, a motion to dismiss as a motion for summary judgment, that the court should give the other side notice and an opportunity to be heard. So why wouldn't the other side rely upon the clear rule that tells the court how to behave if it thinks that it is sufficient reason to convert it? Well, Your Honor, here's the thing. This court has stated that the court is not as formalistic in that requirement. And I understand that if you would attach to it documents showing no receipt, like an affidavit from somebody saying I never got the claimed extrajudicial claim, you'd be in a much better position because then given its post-answer, post-discovery, and you're attaching that document, you'd be very formal if you received that and said, oh, I guess they just want to do a motion to dismiss. That might put you on notice it's a motion for summary judgment. The problem here is that what was attached has nothing to do, just as your opponent is saying, with the challenge to the extrajudicial claim argument. It happens you didn't need evidence of that because burden's on him, but you need to give him some notice that what you're trying to do there is make a summary judgment rather than a motion to dismiss. Well, Your Honor, with that respect, the court did rule with regards to an affidavit that specifically addressed that same issue with Dr. Rivera-Cruz and determined that that affidavit specifically, paragraph 4 of that affidavit, made that claim that they never received a letter told in the statute of limitations, that that section of the affidavit was self-serving and rejected that. Counsel. And that was issued on reply to appellant's opposition. You describe that you attached deposition testimony of the son. Is that correct? Yes.  Okay. And you say in that he describes visiting the hospital and during that visit, obtains admissions from some, I guess, is that from your client? No, not from my client. He never spoke to my client. Okay. Admissions from whom? At the moment, I do not remember specifically, but it was, I believe, members of the emergency room doctor's faculty. Okay. So what was the, when did that visit to the hospital take place? In relation to the, his father died on February 21, 2016. Did that visit take place within a year of the death of the father? That visit took place prior to the death of the father on January 25, 2016. The opinion stated that it was calculating the date of the event based on the survivorship claim. So it would have shown that it was even more untimely than it already was. Correct. So it's not an alternative ground for finding it to be untimely. No. Right. But that's partly what they say is the problem, right? That that's what didn't give notice, that it was making any particular challenge to the extrajudicial claim allegation because that allegation is as good against that evidence as it is against anything else if we're at the motion to dismiss it. Correct. Yeah. I take, I understand where you're coming from, but I'm just trying to understand. Any further? No, I believe I'm out of time. No, I meant for my colleagues. Oh, sorry. Thank you. Thank you very much. Thank you, Counsel. Attorney Morales del Valle, you also have a five-minute argument. Yeah. Good morning. May it please the Court. Benjamin Morales on behalf of Dr. Rivera. As the Court knows on our case, it's different because we did file a motion for summary judgment. So when we look at the arguments on appeal from the appellant against our client, there are three. The first one is that the district court failed to apply properly the general court statute against my client. Secondly, they claim that there was some evidence on the record that my client was present on the emergency room that day as the emergency medical room director, not as a physician treating the patient, and that our client on the position testified that if he had seen some mismanagement of a patient, he could stop that and correct that. The third argument is that there's the Puerto Rico corporate statute stating that the shareholder might be liable for his own actions or direct supervision as to other physicians. The issue here as to our client is that when we look at the operative allegation on the case, which is the second amended complaint, there were four causes of action against Dr. Rivera. Two of them were voluntarily dismissed by the plaintiff. So the remaining two causes of action, the first one is a medical malpractice cause of action, and the second one is a commercial liability cause of action. Both of them under the civil code of Puerto Rico. So when we look at the allegations on the complaint, the first one, medical malpractice allegation, when we look at the record, we don't see any evidence to establish that Dr. Rivera Cruz failed to upheld the standard of care, and that is very understandable. Why? Dr. Rivera wasn't treating the patient at the time. He wasn't put on notice that the patient was there being treated by another physician. So evidently there's no violation of standard of care from Dr. Rivera Cruz because he didn't treat the patient, and he didn't even know that the patient was being treated at the time by another physician. I mean, a theory of negligent supervision, if you will, is hardly a far-out theory of negligence. Why would it be that under law 1802, and maybe it's the law, we're going to have to look into it, but why would it be the law that you can't assert that well-recognized theory of negligence against a doctor who owns an emergency room practice, and there are employees of that corporation in the emergency room, and if they're doing the treating and they don't do it right as a theory of negligence, why shouldn't there be a negligent supervision? I don't understand why Puerto Rico law would vary in that way. That doesn't make a lot of sense to me. Well, when we look at the allegations in the case, the first one, medical malpractice allegation, under Puerto Rico case law, the plaintiff has the burden of proof, of bringing in expert testimony establishing what is the negligence, the violation of the standard of the physician. In this case, there's no negligence, particularly as to Dr. Rivera, because he did not treat the patient and he wasn't there. Was that the ground given for the ruling? Sure, sure. No, was the ground given the interpretation of 1802, or was the ground given that there was no expert testimony? Both of them. There's no expert testimony establishing that there's an evaluation of the standard of the doctor. The district court relied on that? Yes. And the second one, our position is when we look at the second cause of action that stayed in the case and wasn't voluntarily dismissed, when we look at it, and we wrote it in the brief, that allegation is as to hospital and commercial liability under placebo code. When we look at those specific allegations, those allegations are that allegedly Dr. Rivera did not establish protocols and regulations for the management of the patient, and that he did not abide to those protocols and regulations. There's no evidence on the record establishing that Dr. Rivera was negligent in doing that. Can you just address, am I right as to one of the defendants that you're representing, there's a separate time bar issue, and that turns on whether there's an inconsistency in the affidavit? Yeah, okay. So it is true that the district court did not resolve our case as to the time bar issue, but since in our case we file a motion for summary judgment, the review in this case is de novo. So we did make an argument on motion for summary judgment that the case is time bar, and the reason is very simple. The extrajudicial claim that was notified, it was notified directly to the hospital's administration. Under Puerto Rico case law, although Dr. Rivera was included in the letter as a recipient, the Puerto Rico case law requires that the plaintiff notifies that letter directly to the specific recipient and that there's evidence that he received it. In this case, plaintiff did not offer any evidence to establish that indeed they did so, that they notified the letter directly to Dr. Rivera and that he received it, because the record shows that the letter was notified directly to the hospital's administration. So in the summary judgment level, our motion includes an affidavit establishing that Dr. Rivera never received the extrajudicial claim letter. So being this is a registry claim, obviously the case is time bar. And with respect to the district court's ruling that there was an affidavit that had an inconsistency between the whole process and during the process, is that a different claim? All right. So the decision of the district court pertaining to the doctrine of the shame affidavit, when we look at it, what we see is that that's with respect to which defendant? This is my client. Your client. Yes. So when we look at that, the affidavit, the inconsistencies that the judge really finds are as to the inconsistencies of the affidavit submitted by the plaintiff. Yeah, I know that. In our case, what the judge is saying, well, you didn't brought this up earlier. So it doesn't seem fair that you do this at this stage and level. But the burden of proof is on the plaintiff. I understand. But the burden would be met if that affidavit wasn't a shame affidavit. Of course. Yeah. And the reason he concluded it was a shame affidavit was in part because of the inconsistencies. Well, yes, but when we look at the decision of the district court, we didn't really find that there were inconsistencies on that affidavit. And the truth of the matter is that the plaintiff never offered any evidence to establish that the extrajudicial claim letter was not applied directly. So are you saying that you agree with your opponent that the district court's rationale insofar as it relied on the inconsistencies is wrong? No, no, no. Our position is that we did find inconsistencies in the affidavit submitted by the plaintiff. That's why the judge – Okay, what is that inconsistency? I had trouble seeing what was inconsistent in it. Yes, the inconsistencies that are found are when we compared the deposition testimony of the plaintiff that he was deposed two times and the affidavit he submitted at the summary judgment. But in one circumstance he says something like the whole process and the other time he says during the process? That's one of the arguments by the opponent, yes. Is that an inconsistency? No, what we find is that there's testimony on the deposition establishing that when the plaintiff went to the hospital he already knew that something wasn't going right. So Puerto Rico case law requires that plaintiff that in a situation like that he has to be diligent. He has to investigate his case, to file it on time. And the plaintiff in this case, he only relied on notifying the extrajudicial claim letter to the hospital's administration and did not comply with the other requirements. Thank you. All right. Thank you, Counsel. Attorney Rodriguez-Velez, please come up and reintroduce yourself on the record. You have a two-minute rebuttal. My name is Attorney Paul Rodriguez. Your Honor, I encourage the court to go look when it's time to write their opinion. Go take a look at the court's decision. Because, unfortunately, nothing of what was addressed by counsel is in the opinion. As to Dr. Rivera Cruz, the reason why the district court dismissed the claim was that it found that Puerto Rico law does not allow a claim under 1802 for omissions. You're saying there's nothing independently saying because there was an absent of expert testimony. No, there's nothing there. On the sham affidavit point, what's your understanding of the district court's analysis there? Before you get to that point, there were so many layers that you have to go through. First, my client filed a statement of facts under 12C, local rule, 56C, the local rule. That rule requires them to dispute my offer of facts. They admitted that offer of facts. And in that admission was the fact that my client learned about the identity of some defendants in April 2018. So the court disregarded that offer of facts and delved suas fonte into the evidence. And what it did was it went into the affidavit. It was not an affidavit. A declaration on the penalty period provided by my client where he stated that he learned of the identity of VCR group and Dr. Carlos Hernandez in April 2018 through discovery obtained in state court litigation. So what the court did was the court did not provide any way to that testimony. Even though no one challenged that affidavit and said that because my client had not put into the record the state court discovery, the court could not rely on that declaration. So this is your sort of cognitive theory, right?  And so the court looked, the court considered several things, but most importantly, it looked at some deposition testimony and found in that deposition testimony an acknowledgement that your client was aware of the involvement of these defendants prior to the expiration of the statute of limitation. Isn't that correct? Respectfully, Your Honor, no. As to Dr. Avila, Dr. Torres, and Victor Rivera Cruz, yes, my client knew about them. And he, in fact, provided the extrajudicial claim. But as to VCR group, which is a corporate entity, and Dr. Carlos Hernandez, my client had no idea about their identity. But the court read the deposition testimony to say something other than that, did it not? If you go to that deposition, that's another error. The court disregarded that deposition testimony. That deposition testimony stated, I learned the identity of VCR group when doing this whole process. And when my client was pushed in the deposition, he said, this whole process means the complaint. And the complaint in this case was filed in September 2017. My client implicated the defendants, the two co-defendants that remained, VCR group and Dr. Carlos Hernandez, in April 2018, before the year… So the point is, everything turns on what whole process meant and how you understood that? No, Your Honor. Even crediting the court's analysis, if the court believed that this whole process meant the date of the filing of the complaint, even under that theory, under the cognitive theory of damages, my client's claims were alive. Because he filed a complaint in September 2017. He brought those defendants in April 2018. He had still many months to go before the statute of limitations had run under the cognitive theory of damages. But the court disregarded that deposition testimony also. So the court did not provide any credence to my client's affidavit, declaration on the grounds of perjury, for reasons that my brief state were incorrect. The court did not credit the deposition testimony erroneously as my brief state. And so the court delved into an analysis that no defendant requested, and ended up excluding using the Chalma Affidavit Doctrine to rule against my client. Okay, very last point, and there's just so much in this case, but on the point that your opponent's making, that the extrajudicial claim letter, the notification, went to the wrong person with respect to some of the defendants.  The district court did not rely on that? That issue was raised. Did the district court rely on that ground? No. Right, so they're saying then it would be an independent ground for affirming, just on that ground. What's your answer to that? My answer to that would be to refer the court, and if I may go to the table, to the addendum, the sole reply to the position to motion for summary judgment, pages 197 to 215 in the addendum. That addendum is our sole reply to that same argument that was made below, with the case law from Puerto Rico stating why that argument is incorrect. Okay, so we'll have your answer to that. Yes. Thank you. You're welcome. That concludes arguments in this case.